IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | \* |
| | \* |
| v. | \* |
| | \* Crim. No.: PJM 00-290 |
| ELROY DORSEY | \* |
| | \* |
| Defendant | \* |

MEMORANDUM OPINION

Defendant Elroy Dorsey moves under 18 U.S.C. § 3582(c)(2) to reduce his criminal sentence pursuant to the Fair Sentencing Act. After reviewing the Motion, the information provided by the United States Probation Office, and the Government's Opposition, the Court will **DENY** the Motion.

I.

On March 7, 2001, following a jury trial, Dorsey was found guilty of a single count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, 21 U.S.C. § 846. At sentencing, his Base Offense Level under the Sentencing Guidelines was determined to be 38 because his criminal activity involved 1.5 kilograms or more of Cocaine Base. See PSR ¶35; U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(1) (2000) (1.5 kilograms or more of cocaine base). No adjustments were made to the Base Offense Level. The Presentence Report noted that the mandatory minimum term of imprisonment for the crime was ten years. PSR ¶62; 21 U.S.C. §841(b)(1)(A) (2000). However, because the Government had filed a notice pursuant to 21 U.S.C. § 851 that Dorsey had a prior felony drug conviction, the mandatory minimum was increased to twenty years pursuant to 21 U.S.C. §841(b)(1)(A). PSR ¶¶39, 62. According to the Sentencing Guidelines, the range of imprisonment for the crime,

given Dorsey's Criminal History Category of III, was 292 – 365 months. He was sentenced to 292 months.

On May 29, 2009, the Court reduced Dorsey's sentence to 240 months, after finding that following Amendment 706 to the Guidelines, Dorsey's Amended Offense Level was 36, and his range of imprisonment 235 to 293 months.

Dorsey now contends that his sentence should be further reduced based on Amendment 750 to the Guidelines. Under the current guidelines, he argues, his Offense Level should be reduced to 34 and his guideline range 188 – 235 months. Dorsey requests a sentence at the low end of the guidelines, or 188 months. Attached to his Motion is a worksheet from the U.S. Probation Office, which confirms this revised Offense Level and guideline range. The Government, however, has reviewed Dorsey's present Motion and has concluded that he is not eligible for a reduction of his sentence because he remains subject to a mandatory minimum sentence of twenty years.

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses, reduced by two levels the Base Offense Level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. Thereafter, the Commission made Amendment 706 retroactive to March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir. 2010). Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1, 2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair Sentencing Act of 2010 ("FSA") Pub. L. No. 111–220, 124 Stat. 2372 (August 3, 2010). Subsequent to that, Amendment 750 amended the drug quantity table in Section 2D1.1(c) to reduce offense levels in

-2-

crack cocaine cases. *See* U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759. *See id.*, Amend. 759.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Anti-Drug Abuse Act (1986 Drug Act), 100 Stat. 3207, enacted in 1986, applied a ten year mandatory minimum sentence to a defendant convicted of possessing with intent to distribute fifty grams of crack. *Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012). "The 1986 Drug Act, like other federal sentencing statutes . . . trumps the Guidelines. . . . [O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum term set forth in a statutory mandatory minimum." *Id.* (citations omitted). The FSA, effective August 3, 2010, increased the drug amounts triggering the mandatory minimum of ten years from 50 grams to 280 grams. *Id.* at 2329. *The Supreme Court has held that the new mandatory minimums under the Fair Sentencing Act do not apply to those defendants who were sentenced prior to August 3, 2010. Id.* at 2335.

### III.

It is true that under Amendment 750, Dorsey's amended Offense Level is 34. But that is of no consequence, because he remains subject to the twenty year mandatory minimum. Dorsey's mandatory minimum term of imprisonment was twenty years under 21 U.S.C. §841(b)(1)(A), based on 1.5 kilograms of cocaine base and at least one prior felony drug

conviction, as that statute existed at the time Dorsey was sentenced. Whether or not the FSA applies, Dorsey remains subject to a twenty year mandatory minimum. On May 29, 2009, the Court reduced Dorsey's sentence to the twenty year mandatory minimum.

IV.

For the foregoing reasons, Dorsey's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 26, 2014